UNITED STATES DISTRICT COURT

ALTON TYRONE PETTWAY,

Plaintiff,

v.

MEDLINE INDUSTRIES, LP

Defendant.

Case No.: **8:25-cv-2204-JLB-SPF**

AUG 19 2025 PM3:05
FILED - USDC - FLMD - TPA

## COMPLAINT AND JURY DEMAND

Plaintiff, **ALTON TYRONE PETTWAY** ("Plaintiff"), brings this action against Defendant **MEDLINE INDUSTRIES, LP** ("Defendant"), and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims arise under **Title VII of the Civil Rights Act of 1964** (42 U.S.C. § 2000e et seq.).

2. Venue is proper under **28 U.S.C. § 1391** because the events giving rise to this action occurred in this District, and Defendant conducts substantial business in this District.

### II. PARTIES

3. Plaintiff is a resident of the State of Florida and was employed by Defendant until January 14, 2025.

4. Defendant MEDLINE INDUSTRIES, LP is a corporation doing business in Florida and throughout the United States.

### III. FACTUAL ALLEGATIONS

5. Plaintiff began working for Defendant and consistently performed his job duties in a satisfactory manner.

6. In or around **October 2024**, Plaintiff filed an internal complaint against management for harassment, stolen work hours, and unfair scheduling practices.

7. After persistent follow-up, Plaintiff's stolen wages were finally paid to him on **January 3, 2025**.

8. Plaintiff's complaint involved **Celena** (HR), **Xavier** (supervisor), and **Crystal** (manager), all of whom were aware of Plaintiff's protected activity.

9. On **January 10, 2025**, Plaintiff was summoned to HR by Celena and accused of "sexual harassment," without being told the date, nature, or details of the alleged incident.

10. Plaintiff was asked three unrelated personal questions: whether

I.F.P.

he dated anyone at work, had sexual relations with anyone at work, or made sexual gestures — all of which Plaintiff truthfully answered "No."

11. Celena refused to disclose the accuser's name, the alleged words, or the alleged conduct, claiming "it's confidential."

12. Plaintiff immediately reported this improper and vague investigation to **Corporate HR**, noting the involvement of a person he had filed a prior complaint against.

13. Despite Plaintiff's requests, local HR head **Jose** ignored his attempts to schedule a meeting.

14. On **January 14, 2025**, Plaintiff received a call from **Xavier** informing him that his employment was terminated "effective immediately" — without explanation.

15. When Plaintiff pressed for details, Xavier refused to explain, instead telling him to "call Jose."

16. On **January 15 or 16, 2025**, Jose finally admitted that Plaintiff was accused of yelling "I'll eat that ass" while a coworker picked up a pallet, claiming "multiple witnesses."

17. Plaintiff never made any such comment and demanded to know who these "witnesses" were — Defendant refused to disclose.

18. The alleged misconduct is **fabricated** and occurred only after Plaintiff filed complaints about wage theft, harassment, and unfair timekeeping policies.

19. Defendant's decision to terminate Plaintiff without evidence, due process, or equal treatment is **retaliation** for engaging in protected activity.

20. Similarly situated employees accused of misconduct were given investigations, warnings, and progressive discipline — Plaintiff was not.

21. Defendant's conduct caused Plaintiff loss of income, reputational harm, emotional distress, and humiliation.

## IV. CAUSES OF ACTION
## Count I – Retaliation in Violation of Title VII (42 U.S.C. § 2000e-3)

22. Plaintiff incorporates paragraphs 1–21 as though fully set forth herein.

23. Plaintiff engaged in **protected activity** by complaining about harassment, stolen wages, and unfair labor practices.

24. Defendant took **adverse employment action** by terminating Plaintiff.

25. The termination occurred **within weeks** of Plaintiff's protected

complaints, establishing a strong causal connection.

26. Defendant's stated reason for termination is **pretextual**, as the alleged misconduct was never substantiated and appears fabricated.

## Count II – Wrongful Termination in Violation of Public Policy

27. Plaintiff incorporates paragraphs 1–21 as though fully set forth herein.

28. Defendant's actions violate Florida public policy protecting workers who report workplace misconduct and wage theft.

## Count III – Defamation

29. Plaintiff incorporates paragraphs 1–21 as though fully set forth herein.

30. Defendant published false statements to others in the workplace that Plaintiff made sexual comments, damaging his reputation.

31. These statements were false, malicious, and made with reckless disregard for the truth.

## Count IV – Intentional Infliction of Emotional Distress

32. Plaintiff incorporates paragraphs 1–21 as though fully set forth herein.

33. Defendant's actions — fabricating allegations, refusing to disclose evidence, and abruptly terminating Plaintiff — were extreme and outrageous.

34. As a result, Plaintiff suffered severe emotional distress.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award back pay, front pay, and lost benefits;
B. Award compensatory damages for emotional distress;
C. Award punitive damages to deter future unlawful conduct;
D. Award costs and reasonable attorney's fees;
E. Grant such other relief as the Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Alton Pettway*

ALTON TYRONE PETTWAY
812 Ave O SW
Winter Haven, Florida 33880
407-576-7604
alton.pettway@icloud.com